1 **WO**                                                                                                                    RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | ) No. CV 10-610-PHX-JAT (DKD) |
|---|---|
| Plaintiff, | ) No. CR 08-712-PHX-JAT |
| v. | ) **ORDER** |
| Jesus A. Murrieta-Perez, | ) |
| Defendant/Movant. | ) |

On March 18, 2010, Movant Jesus A. Murrieta-Perez, who is confined in the Federal Correctional Institution in Phoenix, Arizona, filed a *pro se* "Motion Under 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" (Doc. #1 in CV-10-610-PHX-JAT (DKD) and Doc. #57 in CR 08-712-PHX-JAT). The Court will require a response to the § 2255 Motion.

## I.     Procedural History

Movant pled guilty pursuant to a plea agreement to Importation in the United States of 50 Grams or More of Methamphetamine, its salts, isomers, and salts of its isomers or 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, its salts, isomers, or salts of its isomers, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(H). On May 4, 2009, the Court sentenced Movant to an 87-month term of imprisonment, followed by four years on supervised release.

On November 19, 2009, Movant filed a "Motion To Correct Judgment" (Doc. #55 in CR 08-712-PHX-JAT), which the Court denied by Order filed December 4, 2009 (Doc. #56

**TERMPSREF**

in CR 08-712-PHX-JAT).

## II. § 2255 Motion

In the instant § 2255 Motion, Movant alleges three grounds:

    (1)    "Denial of effective assistance of counsel";

    (2)    "Denial of right to appeal"; and

    (3)    "Movant['s] plead was not knowingly and voluntarily made."

A response to the § 2255 Motion will be required.

## III. Warnings

### A. Address Changes

Movant must file and serve a notice of a change of address 10 days before the move is effective, if practicable. See LRCiv 83.3(d). Movant shall not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

### B. Copies

Movant must serve the United States Attorney for the District of Arizona a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court may strike any filing that fails to comply with these requirements.

### C. Possible dismissal

Movant is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court **must deliver** copies of the "Motion Under 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" (Doc. #1 in CV-10-610-PHX-JAT (DKD) and Doc. #57 in CR 08-712-PHX-JAT) and this Order to the United States Attorney for the District of Arizona.

(2) Within 60 days from the date of service of the § 2255 Motion, the United States Attorney for the District of Arizona **must answer** the Motion. The United States Attorney **may file** an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(3) Movant **may file** a reply within 30 days from the date of service of the answer.

(4) The matter is **referred** to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 6th day of May, 2010.

James A. Teilborg
United States District Judge